IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN MARONEY,<br><br>Defendant. | CR-07-147-BLG-DWM-CSO-1<br>CR-10-104-BLG-DWM-CSO-1<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |

## I. Synopsis of Recommendation

Defendant John Maroney ("Maroney") was sentenced in each of the two cases indicated above to terms of custody followed by supervised release. A petition alleged 14 violations of these supervised release conditions. He admitted the violations.

Maroney's supervised release should be revoked, and he should be sentenced to two consecutive 12 months of imprisonment – a total of 24 months – with no supervised release to follow.

1

## II. Status

On February 27, 2008, Maroney pled guilty to one count of Felon in Possession of a Firearm. *ECF 17*[1]. The Court sentenced Maroney to 27 months incarceration with 3 years of supervised release. *ECF 24.* On October 7, 2010, Maroney pled guilty to a separate count of Escape from Custody. *ECF 8, 16 (CR 10-104-BLG-DWM-CSO-1).* The Court sentenced Maroney to 15 months incarceration to run consecutive with CR 07-147-BLG-DWM-CSO-1, with 3 years supervised release to run concurrently. *ECF 21 (CR 10-104-BLG-DWM-CSO-1).* Maroney began his supervised release on November 10, 2011. *ECF 27.*

On January 4, 2012, the United States Probation Office prepared a Petition for Warrant or Summons for Offender Under Supervision alleging four violations of supervised release. *ECF 27.* On January 27, 2012, Maroney appeared before Judge Cebull for a hearing on whether his supervised release should be revoked. *ECF 37.* After Maroney admitted the violations, Judge Cebull revoked Maroney's supervised release, and sentenced Maroney to 9 months incarceration in each case,

---

[1]Citations are to the Court's docket in Cause Number CR 07-147-BLG-DWM-CSO unless noted otherwise.

to run consecutively, with 27 months supervised release in both cases to run concurrently. *ECF 38.* Maroney began this second term of supervised release on April 24, 2013. *ECF 45.*

**<u>Petition</u>**

On September 9, 2013, the United States Probation Office filed another Petition for Warrant or Summons for Offender Under Supervision requesting that a warrant be issued for Maroney to appear to answer allegations that he violated conditions of his supervised release. *ECF 42.* On September 11, 2013, an Amended Petition alleged additional violations. *ECF 45.* The Petition as amended alleges that Maroney violated: (1) Special Condition Number 3 on three separate occasions by failing to attend scheduled mental heath treatment, (2) Standard Condition Number 6 on two occasions by failing to notify his probation officer both of a change in residence and a change in employment, (3) Special Condition Number 7 by testing positive for marijuana, (4) Standard Condition Number 11 by failing to report contact with law enforcement, (5) Special Condition Number 1 on three occasions by failing to report for random urinalysis testing, (6)

3

Standard Condition Number 3 by failing to answer truthfully all inquires made by his probation officer and failing to follow his probation officer's instructions, and (7) Standard Condition Number 2 by failing to submit monthly reports for July 2013 and August 2013. *ECF 45*.

Based on the September 9, 2013 Petition, the undersigned issued a warrant for Maroney's arrest. *ECF 43*. The case was reassigned to the Hon. Donald W. Molloy, U.S. District Judge, and referred to the undersigned for Findings and Recommendations. *See Standing Order No. DLC-6, superseded by Standing Order No. DLC-7*.

**Initial Appearance**

Maroney was arrested on September 9, 2013. He made an initial appearance before the undersigned on September 11, 2013, in Billings, Montana.

**Revocation Hearing**

On September 13, 2013, the undersigned conducted a hearing to determine whether Maroney's supervised release should be revoked. David Merchant, Federal Defenders of Montana, represented Maroney.

Assistant U.S. Attorney Ed Zink represented the United States. The undersigned explained the Findings and Recommendations procedure to Maroney, including his right to appear and allocute before Judge Molloy and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right. In addition, Maroney, his counsel, and the Assistant U.S. Attorney executed an Acknowledgment of Rights and Consent, again acknowledging understanding of the Findings and Recommendations procedure and consenting thereto.

    Maroney admitted all fourteen of the alleged violations. The undersigned accepted his admissions, determined that his supervised release should be revoked or modified, and proceeded to consider sentencing recommendations. The undersigned calculated that Maroney's violation grade is C, his criminal history category is IV for CR 07-147-BLG-DWM-CSO-1 and V for CR 10-104-BLG-DWM-CSO-1, and the underlying offense is a class C felony for CR 07-147-BLG-DWM-CSO-1 and class D felony for CR 10-104-BLG-DWM-CSO-1. Under those circumstances, the maximum sentence is 2 years

incarceration for each case, and the United States Sentencing Guidelines call for 6-12 months incarceration for CR 07-147-BLG-DWM-CSO-1 and 7-13 months for CR 10-104-BLG-DWM-CSO-1. Maroney could be sentenced to as much as 3 years supervised release for both cases, less any incarceration time imposed. Mr. Zink and Mr. Merchant agreed with those calculations.

    Mr. Zink recommended a sentence on the high end of the guideline range for each case, to be served consecutively. Mr. Zink argued that because Maroney is not taking steps toward rehabilitation, he has demonstrated that he is not amenable to supervision.

    Mr. Merchant recommended a sentence of 12 months and one day for both cases, to run concurrent. Mr. Merchant stated that Maroney missed several of the mental health counseling appointments because he had been kicked out of his home. Mr. Merchant argued that Maroney's escape from Alternatives, forming the basis for the second case, was a non-violent escape. Finally, Mr. Merchant requested that, if the Court were considering a time of custody, Maroney be placed at FCI Florence so he would be closer to family.

Maroney addressed the Court. He acknowledged that he veered off track and thanked his probation officer for being patient with him. He stated that he is getting married soon, has been saving up for a house, and wants to be a part of his kids' lives. He stated that he wants the chance to establish a life for himself and be more involved with his family. Maroney asked the Court for leniency and requested his sentences run concurrently.

## III.  Analysis

Based on Maroney's admitted violation of his conditions of supervised release, his supervised release should be revoked. Due to the number and nature of the violations, a sentence on the high end of the guideline range for each cause number is appropriate, to be served consecutively. The Court further concludes that Maroney is not amenable to further supervision following his terms of incarceration.

Maroney should be sentenced to 12 months incarceration in CR 7-147-BLG-DWM-CSO-1, and 12 months incarceration in CR 10-104-BLG-DWM-CSO-1 – to be served consecutive, for a total of 24 months – with no supervised release to follow. The Court further recommends

that Maroney be placed at FCI Florence so that he may be closer to family for visitation purposes.

## IV. Conclusion

The undersigned advised Maroney that the above sentence would be recommended to Judge Molloy, and reminded him that he has the right to appear and allocute before Judge Molloy. The undersigned instructed Maroney that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Molloy.

The Court makes the following **FINDINGS:**

1. Maroney violated Special Condition Number 3 on three separate occasions by failing to attend scheduled mental heath treatment.

2. Maroney violated Standard Condition Number 6 on two occasions by failing to notify his probation officer both of a change in residence and a change in employment.

3. Maroney violated Special Condition Number 7 by testing positive for marijuana.

4. Maroney violated Standard Condition Number 11 by failing to report contact with law enforcement.

5. Maroney violated Special Condition Number 1 on three occasions by failing to report for random urinalysis testing.

6. Maroney violated Standard Condition Number 3 by failing to answer truthfully all inquires made by his probation officer and failing to follow his probation officer's instructions.

7. Maroney violated Standard Condition Number 2 by failing to submit monthly reports for July 2013 and August 2013.

The Court makes the following **RECOMMENDATION:**

1. The District Court should revoke Maroney's supervised release and sentence Maroney in accordance with the attached Judgment, committing him to the custody of the United States Bureau of Prisons for a term of imprisonment of 12 months in CR 7-147-BLG-DWM-CSO-1, and 12 months in CR 10-104-BLG-DWM-CSO-1 – to be served consecutively, for a total of 24 months – with no supervised release to follow.

2. The District Court should recommend that Maroney be placed at FCI Florence.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the

Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 17th day of September, 2013.

                                              /s/ Carolyn S. Ostby
                                              United States Magistrate Judge